**Clifford Eugene DAVIS, Jr., a Minor, By His Father and Next Friend, Clifford Eugene Davis, Sr., etc., et al.**

**v.**

**EAST BATON ROUGE PARISH SCHOOL BOARD, a Corporation, and Lloyd Funchess, as Superintendent of Public Schools in East Baton Rouge Parish.**

**Civ. A. No. 1662.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

March 1, 1963.

Order March 5, 1963.

A. P. Tureaud, A. M. Trudeau, Jr., New Orleans, La., Johnnie A. Jones, Baton Rouge, La., Jack Greenberg, Norman Amaker, Constance Motley and James M. Nabrit, III, New York City, for plaintiffs.

Jack P. F. Gremillion, Atty. Gen. for Louisiana, Baton Rouge, La., Sargent Pitcher, Jr., Dist. Atty., and John F. Ward, Jr., Asst. Dist. Atty., Parish of East Baton Rouge, Baton Rouge, La., for defendants.

WEST, District Judge.

This matter came on for hearing this day on the "Renewed Motion for Further Relief" filed herein by plaintiffs. By this motion, plaintiffs pray that "the defendants be ordered to present a complete plan, within a specified period of time, for the complete reorganization of the entire school system of the Parish of East Baton Rouge into a unitary nonracial system which shall include a plan for the assignment of children on a nonracial basis; the drawing of school zone or attendance area lines on a nonracial basis; the allotment of funds; the construction of schools; the approval of budgets on a nonracial basis; and the elimination of any other discrimination in the operation of the school system or in the school curricula which are based solely upon race or color."

This suit, demanding the desegregation of the East Baton Rouge Parish school system, was originally filed in this Court on February 29, 1956. Following the usual legal maneuvers and proceedings, this Court, on May 25, 1960, as then constituted, entered an order enjoining the East Baton Rouge Parish School Board and other defendants, and those acting in concert with them, from "requiring segregation of the races in any school under their supervision, and from engaging in any and all action which limits or affects the admission to, attendance in, or education of plaintiffs or any other Negro child similarly situated in schools under defendants' jurisdiction, on the basis of race and color, from and after such time as may be necessary to make arrangements for admission of children to such schools on a racially non-discriminatory basis with all deliberate speed, as required by the decision of the Supreme Court in Brown v. Board of Education of Topeka, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083." This judgment and order was affirmed by the Fifth Circuit Court of Appeals on February 9, 1961, 287 F.2d 380, and an application for writ of certiorari was denied by the United States Supreme Court on October 9, 1961, 368 U.S. 831, 82 S.Ct. 54, 7 L.Ed.2d 34. As of now, no order has been issued by this or any other Court directing the defendants herein to present a plan, within any specific time, for the implementation of this mandate. The plaintiffs now pray for such an order.

I could not, in good conscience, pass upon this matter today without first making it clear, for the record, that I personally regard the 1954 holding of the United States Supreme Court in the now famous Brown case as one of the truly regrettable decisions of all times. Its substitution of so-called "sociological principles" for sound legal reasoning was almost unbelievable. As far as I can determine, its only real accomplishment to date has been to bring discontent and chaos to many previously peaceful communities, without bringing any real attendant benefits to anyone.

And even more regrettable to me is the fact that almost without exception the trouble that has directly resulted from this decision in other communities has been brought about not by the citizens and residents of the community involved, but by the agitation of outsiders, from far distant states, who, after having created turmoil and strife in one locality, are ready to move on to meddle in the affairs of others elsewhere.

However, regardless of my personal opinions as to the incorrectness and inadvisability of the conclusions reached by the United States Supreme Court in the Brown case, I have no choice, however distasteful it might be, under the "Supremacy Clause" of the Federal Constitution but to follow the holding in that case to the effect that all laws of the State which require compulsory segregation in public schools are in violation of the Fourteenth Amendment to the United States Constitution. This conclusion was, of course, reached previously by the Appellate Court in this very case, and that decision became final in October, 1961, when further review was denied by the United States Supreme Court.

The fact that forced desegregation of the public schools of this Parish has been delayed for many months following the stamp of finality placed by the Supreme Court of the United States upon the prior judgment in this case is to the everlasting credit of the local Negro leaders of this community. They have exercised restraint despite the proddings and agitations of outside elements. The resort to reason, common sense, and restraint by the people of this Parish, both white and colored, during these trying times, has benefited and will in the future continue to benefit all concerned. But the time has come when, in conformity with law, definite and positive steps must be taken toward the implementation of the mandate of the Appellate Courts in this matter.

This Court is, therefore, reluctantly constrained to hold that the plaintiffs in this case are, by virtue of the prior decisions of the United States Supreme Court, entitled to the relief now sought. But in affording the plaintiffs the relief sought, this Court can, must, and will take into consideration all facts and circumstances bearing upon the specific problems confronted by the School Board and other authorities in this particular locality.

An order will henceforth be issued herein requiring the East Baton Rouge Parish School Board to prepare and present to this Court a plan whereby, in light of all relevant local conditions, the orderly implementation of the judgment of this Court of May 25, 1960, as affirmed by the Fifth Circuit Court of Appeals on February 9, 1961, and which became final with the denial by the United States Supreme Court of a writ of certiorari on October 9, 1961, may be effected.

The time within which this plan must be submitted will be the subject of a conference to be held in my chambers between counsel of record for both plaintiffs and defendants at 9:00 o'clock a. m. on next Tuesday, March 5, 1963.

It is to be hoped that the parties to this suit, as well as their counsel, will recognize the fact that an orderly, well-planned resolution of this problem, within the framework of the law as presently interpreted by the United States Supreme Court, is both desirable and necessary if the peace, tranquillity, and economic welfare of this community are to be preserved. This can only be accomplished by the good faith cooperation of everyone concerned, the parties, their counsel, and the citizens of Baton Rouge. The people of many other cities throughout the South have met this challenge with dignity, by the use of reason and common sense, without resort to force or passion, and have thus avoided strife and economic unrest in their communities. It is now incumbent upon the plaintiffs in this suit, the East Baton Rouge Parish School Board, their respective counsel, and others in authority, to see that our city and parish also meet this challenge with dignity and understanding.

## ORDER

A conference was held this day in chambers pursuant to prior notice.

After considering the record herein, the arguments of counsel, and all relevant facts and circumstances pertaining hereto:

IT IS ORDERED that within four (4) months, or not later than July 5, 1963, the defendants herein, or their successors in office, shall submit to this Court a detailed plan for executing an orderly transition of the public schools of the Parish of East Baton Rouge, State of Louisiana, from a racially discriminatory school system to a racially non-discriminatory school system, in compliance with the prior judgment and order of this Court dated May 25, 1960.

IT IS FURTHER ORDERED that the defendants herein, or their successors in office, their agents, servants, representatives, or employees, and all other persons whomsoever acting in concert with any and all of such persons, are hereby permanently enjoined from doing anything calculated to obstruct or interfere with the orderly administration of

such plan as may be approved and adopted by this Court for affecting the transition of the schools hereinabove mentioned to a racially non-discriminatory basis.

This Court retains jurisdiction of this case for such further proceedings and for the issuance of such further orders as may be necessary and appropriate herein.